## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>ANWAR M. IBRAHIM,<br>Debtor. | Chapter 13<br>Case No. 19-12211-JEB |

### TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR RECONSIDERATION OF MOTION GRANTED TO TRUSTEE'S OBJECTION OF HOMESTEAD

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully files her Objection to the Debtor's Motion for Reconsideration of Motion Granted to Trustee's Objection of Homestead, ("the Motion to Reconsider"), and states as follows:

1. On June 27, 2019, the Debtor filed a petition under Chapter 13. On August 7, 2019, the Trustee convened the §341 meeting of creditors at which the Debtor and was sworn and examined.

2. On July 11, 2019, the Debtor filed Schedules A/B and C. Schedule A/B lists real property located at 263 Pearl Street in Malden, MA ("the property"). The Debtor listed the value of the property as $500,000.00.

3. According to Schedule C, the Debtor has elected the Massachusetts exemptions. The Debtor has claimed an exemption in the amount of $500,000.00 in the property pursuant to M.G.L. c. § 3.

4. On August 8, 2019, the Trustee filed an Objection to the Debtor's claim of Homestead Exemption. The Trustee alleged that the Debtor failed to provide the Trustee with copies of a deed evidencing ownership of the property and a duly recorded Declaration of Homestead and that upon information and belief the Debtor does not hold title to the property. The Trustee argued that the Debtor filed a prior chapter 13 case (16-13549) in which it was

determined that the property consists of two (2) units which were both foreclosed prior to the filing of the prior case and according to MGL c. 188 §1 only an "owner" can claim a homestead exemption under chapter 188. An "owner" is defined as a natural person who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or holder of a beneficial interest in a trust. The Debtor is not the sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder, or holder of a beneficial interest in a trust as the Property is not titled in the Debtor's name. As such the Trustee asserted that the recorded Declaration of Homestead is invalid, and that Debtor cannot claim any exemption under M.G.L. c. 188 in the Property under the recorded Declaration of Homestead.

5. The Trustee further asserted that according to MGL c. 188 §4 in the absence of a valid declaration of homestead recorded under this chapter, an estate of homestead to the extent of the automatic homestead exemption shall exist for the benefit of the owner and the owner's family who occupy or intend to occupy the home as a principal residence. An "owner" is defined as a natural person who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or holder of a beneficial interest in a trust. Because the Property was foreclosed the Debtor is not an "owner" and therefore cannot claim the automatic homestead exemption and the Trustee therefore objected to the Debtor's claim of homestead exemption as set forth on As Schedule C.

6. A hearing was held on September 19, 2019 on the Trustee's Objection. At the hearing the undersigned informed the Court that in the Debtor's prior chapter 13 case (16-13549) Judge Feeney had issued a Memorandum on February 27, 2018 in which Judge Feeney found that the Debtor's equity of redemption in the Property was foreclosed years ago and that the Debtor has no legal or equitable interest in the property except a bare possessory interest. (See

docket entry #178 in the prior case). The undersigned further informed the Court that the Trustee had filed an Objection to the Debtor's claim of Homestead Exemption in the prior case and that Judge Feeney had issued an Order on March 17, 2017 requiring the Debtor to file a supplemental Response by March 30, 2017 that included a copy of a title search with respect to the property and copies of all relevant documents. (See docket entry #113 in the prior case). The undersigned informed the Court that the Debtor failed to comply with the Order of March 17, 2017, and the Objection was ultimately deemed moot following the dismissal of the case.

7. The undersigned further informed the Court that the Debtor had appealed the dismissal of the prior case and also appealed the ruling by Judge Feeney entered on February 27, 2018, and that the Bankruptcy Appellate Panel had upheld Judge Feeney's rulings on both matters.

8. On September 23, 2019, the Court issued the following Order: Order dated 9/23/2019 Re: 36 Objection to Homestead Exemption filed by Trustee Carolyn Bankowski-13-12. HEARING HELD ON SEPTEMBER 19, 2019. FOR THE REASONS STATED ON THE RECORD, THE CHAPTER 13 TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION IS SUSTAINED. THE DEBTOR HAS NO OWNERSHIP INTEREST IN THE REAL PROPERTY AT ISSUE, THEREFORE HE CANNOT CLAIM A HOMESTEAD EXEMPTION IN THE PROPERTY.

9. On October 7, 2019, the Debtor filed the Motion to Reconsider. In the Motion to Reconsider the Debtor states that at the hearing the undersigned "incorrectly stated/argued that in 2016 Judge Feeney had ruled in favor of the movant on a similar motion – Objecting Homestead exemption of the debtor on his prior bankruptcy case (#16-13549)". The Debtor then lists

3

Case 19-12211    Doc 97    Filed 10/17/19    Entered 10/17/19 15:33:12    Desc Main
                                Document      Page 4 of 7

several facts including the fact that the Judge never ruled on the motion since it became moot after the dismissal.

      10.    A motion for reconsideration is not a means by which parties can rehash previously made arguments.  In re Wedgestone Financial, 142 B.R. 7 (Bankr.D.Mass. 1992), *citing* In re Grand Builders, Inc., 122 B.R. 673 (Bankr.W.D.Pa. 1990).  To succeed on a motion to reconsider, the Court requires that the moving party show newly discovered evidence or a manifest error of law.  Wedgestone at 8.  *See also*, Antony v. Duty Free Ams, Inc., 705 F.Supp. 112 (D.Mass. 2010) (Plaintiff not entitled to another bite at the apple simply because the Court did not rule in his favor); Jones v. Carrington Mortg. Servc., LLC, 2011 U.S. Dist. LEXIS 29199 (D.Mass. 2011) (Appellant merely restated the same arguments presented to and ultimately rejected by the Bankruptcy court and failed to show manifest error of fact or law or newly discovered evidence).

      11.    The Trustee asserts that the Debtor has failed to show either a manifest error or law or newly discovered evidence.  The Debtor is attempting to argue ownership of the property when that issue was litigated extensively both in State Court and in the prior bankruptcy case, prompting a trial which ultimately led to the decision issued by Judge Feeney on February 27, 2018.  The Debtor appealed that decision and lost on appeal.  The Debtor cannot now attempt to litigate the issue once again in the context of a request for reconsideration based on an allegation that the undersigned misinformed the Court, which the undersigned denies, when the matter which the Debtor alleges was misrepresented was not the only factor considered by the Court in sustaining the Trustee's Objection.  The Court heard argument from both the Trustee and Goshen REO LLC related to the ownership of the property and was provided with the findings of Judge Feeney in her Memorandum dated February 27, 2018 in which she specifically found that the

Debtor had only a bare possessory interest. In addition, the Debtor was present in Court and although he communicated to the Court through writing instead of speech, at one point the Debtor wrote that Goshen had owned the property for 6 years. (See Exhibit C filed with the Court during the hearing held on September 19, 2019). The Trustee pointed out to the Court that the Debtor had just admitted on the record that the property was owned by Goshen and the Court agreed that the Debtor made the statement that Goshen owns the property and the Debtor cannot claim a homestead exemption in property that he does now own.[1]

12. The Debtor asks the Court to "reverse its ruling of the movantTr [sic] and enter a similar ruling as Judge Feeney did in his 2016 bankruptcy by withholding a ruling until the adversarial proceedings establish ownership." However, as the docket shows in the prior case Judge Feeney never entered an Order withholding ruling on the Trustee's Objection. Judge Feeney issued an Order on March 17, 2017 specifically requiring the Debtor to file a supplemental Response including a title search (see docket entry #113) which was never done. Following the Order of March 17, 2017, there was a protracted proceeding in which the Debtor sought a finding that Goshen REO LLC violated the automatic stay which resulted in a trial and ultimately in Judge Feeney's Memorandum issued on February 27, 2018. The case was then dismissed on May 17, 2018. No further Orders were ever entered regarding the Trustee's Objection and therefore the assertion that Judge Feeney "withheld ruling" is incorrect.

13. Further, the undersigned never represented to the Court that Judge Feeney had ruled on the Objection to Homestead. When the Court asked if Judge Feeney had already ruled on the very same objection in the prior case the undersigned specifically stated that there had *not* been an actual ruling in the prior case and that Judge Feeney had ordered the Debtor to file a

---

[1] The undersigned listed to the recording of the hearing on September 19, 2019. There is no official transcript and the undersigned is including statements that were made during the hearing which were heard on the recording.

5

Supplemental Response including a title search which was not filed, and which was part of the Motion to Dismiss that the Trustee filed. The undersigned further stated that ultimately the Objection was rendered moot by the dismissal of the prior case, but that Judge Feeney refers to the Objection and her order for a supplemental response on Page 9 of her Memorandum of Decision issued on February 27, 2018, noting that the Debtor had failed to comply with her Order from March 17, 2017. At no time during the hearing or in any of the pleadings did the Trustee and/or the undersigned ever tell the Court that Judge Feeney had ruled in the Trustee's favor on a similar objection to homestead in the prior case.

14. Because the Debtor has failed to establish any newly discovered evidence or any manifest error of law the Trustee asserts that there are no grounds for this Court to reconsider the Order entered on September 23, 2019 sustaining the Trustee's Objection to Homestead Exemption.

WHEREFORE, the Trustee respectfully requests that this Court deny the Motion and grant such other relief as this Court deems proper.

Dated: October 17, 2019                    Respectfully submitted,

Carolyn A. Bankowski
Standing Chapter 13 Trustee
/s/ Patricia A. Remer
Carolyn A. Bankowski, BBO#631056
Patricia A. Remer, BBO #639594
Office of the Chapter 13 Trustee
PO Box 8250
Boston, MA  02114-0022
(617) 723-1313
13trustee@ch13boston.com

6

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| In re:  ANWAR M. IBRAHIM, Debtor. | Chapter 13 Case No. 19-12211-JEB |
|---|---|

**Certificate of Service**

The undersigned hereby certifies that on October 17, 2019 a copy of the Trustee's Objection to Debtor's Motion for Reconsideration served via first class mail, postage prepaid, or by electronic notice, on the pro se debtor at the address set forth below.

**Anwar M. Ibrahim**
263 Pearl Street
Malden, MA 02148

/s/Patricia A. Remer
Patricia A. Remer, BBO#639594

7